UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARRY RIVERA,

Plaintiff,

– v. –

C.O. M. STELTZ, C.O. A. BROWN,
C.O. M. WRIGHT, and C.O. "JOHN
DOES" 1-7,

Defendants.

No. 13-cv-7442 (KBF)

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE**

Defendants New York State Correction Officers Steltz, Brown, and Wright submit this opposition to plaintiff's motion in limine. Dkt. 26. Plaintiff seeks an order precluding defendants from eliciting testimony about (1) plaintiff's 1997 conviction for Attempted Burglary in the Third Degree, (2) details of the underlying crime from plaintiff's 2006 conviction for Attempted Burglary in the Second Degree, and (3) the fact that plaintiff is currently incarcerated. Plaintiff's 2006 and 2013 convictions for attempted burglary are admissible under Federal Rule of Evidence ("FRE") 609. The Court should allow defendants to elicit testimony regarding each conviction because they are highly probative of his credibility and such probative value substantially outweighs any potential prejudice.[1]

---

[1]    Defendants do not intend to elicit information regarding plaintiff's 1997 conviction or details of the underlying criminal acts leading to the 2006 and 2013 convictions.

## ARGUMENT

### PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE OF PLAINTIFF'S CONVICTIONS FOR ATTEMPTED BURGLARY SHOULD BE DENIED

Defendants should be allowed to elicit testimony concerning plaintiff's 2006 and 2013 convictions for attempted burglary. FRE 609 allows impeachment of a witness by evidence of the witness's criminal convictions, and specifically provides that evidence of a crime "punishable by death or by imprisonment for more than one year" must be admitted, subject to FRE 403, in a civil case. See Fed. R. Evid. 609(a)(1)(A).

Defendants seek permission to impeach plaintiff on cross-examination by eliciting information regarding two of his prior convictions. First, defendants seek to elicit testimony that plaintiff was convicted for Attempted Burglary in the Second Degree, a Class D felony, in 2006 and sentenced to 3 ½ years imprisonment. Second, defendants seek to elicit testimony that plaintiff was convicted again of Attempted Burglary in the Second Degree in 2013, and is currently serving a sentence of six years of imprisonment for this conviction.

In relation to plaintiff's 2006 conviction, plaintiff concedes that defendants may be allowed to elicit testimony about the name of the offense, date of the conviction and information about the sentence. See Plaintiff's Motion In Limine, at 1-2. While plaintiff makes no mention of plaintiff's 2013 attempted burglary conviction, defendants should similarly be allowed to elicit testimony that plaintiff was convicted of attempted burglary in 2013 and sentenced to six years imprisonment.

These convictions fall within FRE 609 because these convictions are within the last ten years, and for each conviction, plaintiff received a sentence greater than one year. These convictions are also admissible under FRE 403. When applying the FRE 403 balancing test

imposed by FRE 609(a)(1), courts assess the following four factors: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." Daniels v. Loizzo, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing 4-609 Weinstein's Federal Evidence § 609.04(2)(a), at 609-20 (1997); United States v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977)). All four factors weigh in favor of admitting evidence of both convictions.

Plaintiff's 2006 and 2013 convictions for attempted burglary provide significant impeachment value. FRE 609 "presumes that all felonies are at least somewhat probative of witness's propensity to testify truthfully." United States v. Estrada, 430 F.3d 606, 617 (2d Cir. 2005). Specifically, the crime of burglary reflects a "lack of credibility" on the part of the witness "and should be admitted unless significantly prejudicial." Id. at 618-19 (citations and internal quotation marks omitted). See also Jones v. City of New York, 98-cv-6493, 2002 U.S. Dist. LEXIS 2052, at *6-7 (S.D.N.Y. Feb. 11, 2002) (collecting cases demonstrating burglary convictions have been held admissible to evaluate a witness's truthfulness). Thus, the first factor weighs in favor of admission of both convictions.

The timeliness of the 2006 and 2013 convictions both favor admissibility. Both crimes fall within FRE 609(b)'s ten-year limitation on the use of past convictions to attack a witness's character for truthfulness. In fact, the ten-year limitation for plaintiff's 2013 conviction has not yet commenced because plaintiff is still serving his sentence. Fed. R. Evid. 609(b).

The third factor, "the similarity of the past crime and the conduct at issue" also weighs in favor of admissibility. The crime of attempted burglary does not resemble the plaintiff's excessive force allegation or any potential defense to an allegation of excessive force. See

United States v. Brown, 606 F. Supp. 2d 306, 314 (E.D.N.Y. 2009).  Thus, any prejudicial effect of the factual underpinnings of the crimes or the conviction to plaintiff in the matter is slight.

Plaintiff's credibility is of the upmost importance in this trial.  Defendants deny plaintiff's version of events.  Additionally, plaintiff's story is not supported by testimony of other witnesses or documentary evidence.   Therefore, the fourth factor also weighs in favor of admissibility of the past convictions because plaintiff's "success at trial probably hinges entirely on his credibility with the jury."  Jones, 2002 U.S. Dist LEXIS 2052, at * 8.

Finally, defendants should be able to elicit testimony that plaintiff is currently incarcerated due to his 2013 attempted burglary conviction.  Plaintiff was incarcerated during the incident at issue and information regarding his current incarcerated status will not further prejudice him.  See Espinosa v. McCabe, 9:10-cv-497, 2014 U.S. Dist. LEXIS 31741, at * 16-17 (N.D.N.Y. Mar. 12, 2014).

## **CONCLUSION**

For all the foregoing reasons, defendants respectfully request that this Court deny plaintiff's motion in limine regarding plaintiff's current incarceration status and allow defendants to elicit testimony about plaintiff's 2006 and 2013 attempted burglary convictions and sentences.

Dated:     June 18, 2015
           New York, New York

                          ERIC T. SCHNEIDERMAN
                          Attorney General of the State of New York


                          MARY KIM
                          MICHELLE R. LAMBERT
                          Assistant Attorney General
                          120 Broadway, 24th Floor
                          New York, New York 10271
                          Tel: (212) 416-6203
                          Fax: (212) 416-6075
                          Michelle.Lambert@ag.ny.gov
                          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2015, I served the foregoing Defendants'

Opposition to Plaintiff's Motions In Limine on all counsel of record by filing the same using the

Court's CM/ECF system.

_____
MICHELLE R. LAMBERT