F72FRIV1                          Trial

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

HARRY RIVERA,

                  Plaintiff,

          v.                              13 CV 7442 (KBF)

C.O. M.STELTZ, C.O. A. BROWN,
C.O. M. WRIGHT and C.O. "JOHN
DOES" 1-7,

                  Defendants.

------------------------------x
                                    New York, N.Y.
                                    July 2, 2015
                                    10:55 a.m.

Before:

                  HON. SHIRA A. SCHEINDLIN,

                                    District Judge

                          APPEARANCES

ALAN D. LEVINE, ESQ.
     Attorney for Plaintiff


ERIC T. SCHNEIDERMAN
     Attorney General of
     The State of New York
BY:  MARY KIM
     MICHELLE R. LAMBERT
     Assistant Attorney General

F72FRIV1                          Verdict

```
 1              (Trial resumed)

 2              (In open court; jury not present)

 3              (At 10:53 a.m. a verdict was received).

 4         THE COURT:  While we're waiting, this is unusual for

 5    me to state, but they've reached a plaintiff's verdict so we

 6    have to go to a punitive phase.  Is there anything else someone

 7    wanted to offer or is there a short summation?  In other words

 8    you get a chance to ask for punitive damages.  Is there any

 9    evidence to offer?

10         MR. LEVINE:  For plaintiff, your Honor, no.

11         THE COURT:  Does the defense have any evidence?

12         MS. KIM:  No.

13         THE COURT:  How long does the plaintiff want for this

14    mini summation?  Five minutes?

15         MR. LEVINE:  At most.

16         THE COURT:  Defense, same for you?

17         MS. KIM:  Yes.

18         THE COURT:  Defense goes first again.

19         MR. LEVINE:  I didn't hear what you said.

20         THE COURT:  I started to say defense goes first again,

21    which doesn't make any sense because all they're going to say

22    is you shouldn't give him anything.  You know the charge, you

23    should read the language, so they'll say read the language, it

24    doesn't fit and then you'll say it does and you'll ask for an

25    amount.
```

F72FRIV1                    Verdict

1            And I'll hear the motions at the end.  Hopefully

2    they'll just deliberate a few minutes, but who knows.

3            All right, can you tell the marshal to bring in the

4    jury?

5                (Continued on next page)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

F72FRIV1                        Verdict

1               (In open court; jury present)

2               THE COURT:  The jury has returned a verdict.  Do you

3     have a copy of this or this is your copy?

4               FOREPERSON:  No, I don't have a copy.

5               THE COURT:  Let me give this back to you.  Thank you.

6     So will the foreman please rise?  Thank you.  Section A,

7     liability.  Did the plaintiff prove by a preponderance of the

8     evidence that any of the following defendants used excessive

9     force on plaintiff on October 30, 2010 in violation of his

10    Eighth Amendment rights.  James Steltz?  And your verdict is?

11              FOREPERSON:  Yes.

12              THE COURT:  Aisha Brown.

13              FOREPERSON:  Yes.

14              THE COURT:  Michael Wright?

15              FOREPERSON:  Yes.

16              THE COURT:  Then we go to question two.  Did the

17    plaintiff prove by a preponderance of the evidence that any of

18    the following defendants' actions were the proximate cause of

19    plaintiff's injuries.  James Steltz?

20              FOREPERSON:  Yes.

21              THE COURT:  Aisha Brown.

22              FOREPERSON:  Yes.

23              THE COURT:  Michael Wright?

24              FOREPERSON:  Yes.

25              THE COURT:  If you find that plaintiff has proven that

F72FRIV1                           Verdict

1    his constitutional rights were violated and that he has

2    sustained actual injuries or other damages, state the total

3    amount of compensatory damages, if any, as to each defendant

4    for whom you answered yes in response to question 2 above.

5              James Steltz.

6              FOREPERSON:  $20,000.

7              THE COURT:  Aisha Brown.

8              FOREPERSON:  $10,000.

9              THE COURT:  Michael Wright.

10             FOREPERSON:  $20,000.

11             THE COURT:  Having found actual damages, there's no

12   reason to have nominal damages because it says in number 4 if

13   you find that the plaintiff has proven that his constitutional

14   rights were violated but has not proven that he sustained any

15   actual damages, then you must award him nominal damages.  So

16   you found that he sustained actual damages.  Nonetheless, it

17   seems like you filled it out.

18             FOREPERSON:  Perhaps we misunderstood this.

19             THE COURT:  Okay, so let me just be sure.  You did

20   write one dollar in each place.

21             FOREPERSON:  Correct.

22             THE COURT:  But you do agree that everybody, and I'll

23   poll the jury, everybody found that he sustained actual

24   damages, is that right?

25             FOREPERSON:  That is correct.

F72FRIV1                    Verdict

1    THE COURT:  All right, then there really is no reason

2    to reach number four and I'll just amend your verdict form to

3    say, it shouldn't have been reached at all.  Let me make sure

4    that's everybody's verdict.  Okay, so let me start with that.

5    You can be seated now Mr. Kumar.  Obviously you just read the

6    verdict out.  Is that your verdict?

7    FOREPERSON:  I beg your pardon?

8    THE COURT:  Is that your verdict?  I'm going to poll

9    the jury.  I just read the verdict sheet aloud.  Is that your

10   verdict?

11   FOREPERSON:  Yes.

12   (Jury polled; all answered in affirmative)

13   THE COURT:  And you all agree you found actual damages

14   in the amount given so there was no reason to reach the nominal

15   damages.  Read the instructions now.

16   FOREPERSON:  I'm rereading it and I'm still confused,

17   but --

18   THE COURT:  Are you?  I don't want you to be confused.

19   It says if you find that the plaintiff has proven that his

20   constitutional rights were violated but has not proven that he

21   sustained any actual damages then you must award nominal

22   damages.

23   FOREPERSON:  I see.

24   THE COURT:  But you did find actual damages.

25   Everybody agrees they found actual damages in the amount that

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

F72FRIV1                         Charge

1     they said, is that right?

2                    (Jury polled; all answered in the affirmative)

3                    THE COURT:  Okay.  Then I think that there's no

4     confusion and that's the verdict.

5                    Now, what I didn't cover, what I didn't cover before

6     your verdict, because it's my practice not to raise this issue

7     until there's a verdict, because I never know whether the

8     verdict will be for the plaintiff or for the defendants, is

9     that there's now another phase of the trial.  Don't worry, it's

10    a five minute phase, but it's called the punitive damages

11    phase.  I'm going to read you a charge after -- I think I'll

12    read it before.  I'll read you a short charge and then the

13    lawyers have a chance to address you very briefly.  Then you

14    have to deliberate again and see if you wish to award any

15    punitive damages.

16                   Let me read you the charge, it's very short.

17                   One more thing before I begin.  Mr. Kumar, I just want

18    to be sure I understand the numbers you gave.  Those numbers

19    are total, in other words, it was 20, 10 and 20, so you meant

20    to give a total of 50, is that right?

21                   FOREPERSON:  That is correct.

22                   THE COURT:  All right, so, ready?  Okay, here's the

23    charge.  Here's the charge on punitive damages.  You have now

24    determined that James Steltz, Aisha Brown and Michael Wright

25    are liable for violating Harry Rivera's constitutional right to

F72FRIV1                        Charge

 1   be free from excessive force and you've awarded Rivera
 2   compensatory damages.  Now you must determine whether he's also
 3   entitled to additional punitive damages.  You may award
 4   punitive damages if Rivera has proven by a preponderance of the
 5   evidence that the conduct of James Steltz, Aisha Brown and
 6   Michael Wright, was malicious and reckless, not merely
 7   unreasonable.  An act is malicious and reckless if it is done
 8   in such a manner and under such circumstances as to reflect
 9   utter disregard for the potential consequences of the act on
10   the safety or rights of others.  The purpose of punitive
11   damages is to punish the defendant for shocking conduct and to
12   set an example in order to deter him or her and others from
13   committing similar acts in the future.  The awarding the
14   punitive damages is within your discretion.  You are permitted
15   but are not required to award them.  Punitive damages are
16   appropriate only for especially shocking and offensive
17   misconduct.  If you decide to award punitive damages, you must
18   use sound reason in setting the amount.  It must not reflect
19   bias, prejudice or sympathy towards any party, but the amount
20   may be as large or as small as you believe necessary in order
21   to fulfill the purpose of punitive damages.  You may impose
22   punitive damages against one or more of the defendants and not
23   others, or against more than one defendant in different
24   amounts.  So that's the entire charge.  Now the lawyers have
25   the right to address you briefly.

1          All right, Ms. Kim.

2          MS. KIM:  Obviously, we're disappointed in the verdict

3    but I really respect that you took the time, you deliberated

4    for many hours and you really thought the case out and I accept

5    the verdict.

6          So now we're going to ask you to consider whether

7    Mr. Rivera is entitled to punitive damages.  You've already

8    found that he's entitled to some compensation for his injury.

9    We always said there's an injury, we admitted it.  It's

10   unfortunate he sustained an injury, but these officers were

11   never accused of just randomly picking Mr. Rivera or having

12   words with Mr. Rivera, pulling him out of his cell and just

13   beating him up.  That was not even something Mr. Rivera

14   claimed.  There was a tussle and he was injured.  Now, as the

15   judge just instructed you, is what the officers did here

16   shocking and offensive conduct, misconduct?  As I argued in my

17   summation before the verdict, they were doing their jobs.  Mr.

18   Rivera was injured.  They were doing their jobs.  This happened

19   in the course of them doing their jobs.  Again, the award can't

20   reflect any bias sympathy or prejudice towards any party and I

21   submit to you the amount that you awarded to Mr. Rivera

22   compensates him very well and punitive damages is not necessary

23   in this case.  Pardon me, I'm just doing this last minute.

24         Now, part of the charge was also you have to assess

25   whether what the officers did reflect an utter disregard for

F72FRIV1                    Summation - Mr. Levine

1      the potential consequences of the act on the safety of rights

2      for others and, again, I submit to you that it is unfortunate

3      this tussle happened and Mr. Rivera was injured, but they were

4      trying to do their jobs.  They felt threatened, they felt that

5      other officers were threatened and they were trying to get Mr.

6      Rivera under control.  This was in no way an utter disregard

7      for Mr. Rivera's safety.  Thank you.

8              THE COURT:  All right.  Thank you, Ms. Kim.

9      Mr. Levine?

10             MR. LEVINE:  Good morning.  Thank you for your verdict

11     and Mr. Rivera thank you for your verdict.  We're asking for

12     punitive damages because punitive damages are also called

13     something else, one of those lawyer words, exemplary damages.

14     Exemplary means they are used to set an example to show other

15     persons in the same position as the defendant, who you have

16     already found acted wrongly.  They are to show other persons,

17     other correction officers that you act the way these officers

18     did, you get punished.  An example has been set.  You do not do

19     what these three people did.

20             Now, you've already found that they acted, and I'll

21     take it from the jury charge, that they acted maliciously and

22     sadistically, that they violated the Eighth Amendment to the

23     Constitution of the United States, which means they weren't

24     just doing their jobs.  They had already done their jobs and

25     exceeded what needed to be done with the acts they committed.

F72FRIV1                       Summation - Mr. Levine

1          They injured, they hurt Harry Rivera when they had no

2     reason to do so.  Three of them bigger, stronger than he was,

3     got him under control and injured him badly.  He should not

4     just be compensated for his injuries but you should use your

5     powers as citizens, as members of a jury with the power to do

6     it, to tell them and tell every other officer who goes beyond

7     the boundaries of legal behavior not to do what they did.

8          I am asking you to award punitive damages in an amount

9     and in proportions equal to the compensatory damages.  20 --

10         MS. KIM:  Objection.

11         MR. LEVINE:  -- against Steltz --

12         MS. KIM:  Objection.

13         THE COURT:  What's the objection?  Asking for a

14    particular amount?

15         MS. KIM:  Yes.

16         THE COURT:  It's not a recommended policy.  It's not

17    forbidden either.  So why don't you just finish?

18         MR. LEVINE:  Thank you.  Of course, you'll determine

19    the number just as you did with compensatory, but I'm asking 20

20    against Officer Steltz, 10 against Officer Brown, 20 against

21    Officer Wright for a total of $50,000, to send a message that

22    this is not the way an officer of the State of New York is

23    supposed to act.  Thank you very much.

24         THE COURT:  Okay.  You have the charge.  You have a

25    little verdict sheet.  You've heard the summations.  Please

F72FRIV1                    Summation - Mr. Levine

1    deliberate on punitive damages, but we're here ready to take

2    your verdict whenever you're done.  Thank you.

3              (Jury excused)

4              (Continued on next page)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

F72FRIV1                        Deliberations

1          (In open court; jury not present)

2          THE COURT:  I don't know if you wish to make the

3     motion now or if you want to make it in writing within the

4     number of days permitted when you await for the entire verdict.

5     I don't know whether there will be a further verdict.  We don't

6     really have the full verdict in yet, so it's probably premature

7     to make the motion.  You have a certain number of days to do

8     it.  I hope you know the rule better than I, but I do know that

9     in these trials the losing party often asks for one extension

10    of time.  I think you're also entitled to one extension from

11    the number of days in the rule.  But in any event, I'm sure

12    you'll make it timely when you get the full verdict in.

13          MS. KIM:  Yes, your Honor.

14          THE COURT:  So now, you can either sit at the table or

15    you can wander around, but I'm hoping it won't be long.

16          (Recess pending verdict)

17                              o0o

18          (In open court; jury not present)

19          THE COURT:  We have a jury note which has been marked

20    as Court Exhibit 2.  And the note says the jury is unable to

21    achieve unanimity on the punitive damages phase.  It's timed at

22    11:35.  I don't remember when they went out, I think it was

23    11:20.  I'm pretty sure, because I knew I had to start a

24    sentence at 11:30.  So they deliberated 15 minutes when they

25    wrote that note.  Obviously, at least obviously to me, that's

298

F72FRIV1                     Deliberations

1    not enough time and I shouldn't accept that.  Essentially it's

2    a hung jury.  So I propose to read them an Allen charge.  It's

3    a standard charge.  Any objection, Mr. Levine?

4              MR. LEVINE:  No, your Honor.

5              THE COURT:  Any objection, Ms. Kim?

6              MS. KIM:  No.

7              (Continued on next page)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

F72FRIV1                      Allen charge

1            (In open court; jury present)

2            THE COURT:  I have a note from you that I've marked as

3     Court Exhibit 2.  This time, it has the time, it says

4     11:35 a.m. and the note says, "The jury is unable to achieve

5     unanimity on the punitive damages phase" and it's signed by the

6     foreperson.  Our records show you've deliberated for twenty

7     minutes.  The lawyers and the Court have agreed that I need to

8     read you a special charge.  It's called an Allen charge.  It's

9     named after a U.S. Supreme Court case and the purpose of the

10    Allen charge, and I'll read it to you.  I shouldn't bother

11    explaining because it speaks for itself, but essentially it's

12    to encourage you to give it one more try and it explains to you

13    that if you don't reach a verdict another jury will have to do

14    the case all over again.  So.  So here's my Allen charge.

15            What we have all decided collectively is to give you a

16    an additional instruction, which we've done quite often in

17    cases and I'm going to read you that additional instruction.

18    This case is an important case to the plaintiff, it's important

19    to the defendants.  You've deliberated only twenty minutes in

20    the case that took a couple of days to try.  If you do fail to

21    reach a verdict the case is going to be left open and in all

22    likelihood will have to be tried again before another jury.

23    That jury will be selected in the same manner and from the same

24    source of names as you were and I have no reason to believe

25    that a second jury will be any more intelligent, any more

F72FRIV1                     Allen charge

1    impartially chosen or any more competent to decide the case

2    than you are, nor do I have any reason to believe that the case

3    will be differently tried or reveal any more or different

4    evidence than you have heard.  For these reasons it is

5    desirable that the verdict can be reached.  Nevertheless, I

6    want to emphasize that your verdict must reflect the

7    conscientious judgment of each juror and under no circumstances

8    must any juror yield his or her conscientious judgment.  It is

9    normal for jurors to have differences.  This is quite common.

10   Frequently jurors after extended discussions may find that a

11   point of view which originally represented a fair and

12   considered judgment might well yield upon the basis of argument

13   and upon the facts and the evidence.  However, I repeat that no

14   juror must vote for any verdict unless after full discussion

15   and consideration of the issues and exchange of views it does

16   represent his or her considered judgment.

17            Further consideration may indicate that a change in

18   original attitude is fully justified upon the law and all of

19   the facts.  You should examine the questions submitted with

20   candor and with proper regard and deference to the opinions of

21   each other.  So sometimes those in the majority listen to those

22   in the minority and change their minds and sometimes those in

23   the minority listen to those in the majority and change their

24   mind and of course that's what deliberations are.

25            I do not mean to suggest that a position is

F72FRIV1                          Allen charge

1    necessarily correct because a greater number of jurors agree

2    with it.  Everybody should consider everybody's argument.  But

3    I do remind you that the plaintiff bears the burden of proving

4    by a preponderance of the evidence that he is entitled to

5    punitive damages.  Do not hesitate to reexamine your own views

6    and to change your opinion if you are convinced you are wrong.

7    But don't surrender your honest belief as to the weight and

8    effect of the evidence solely because of the opinion of your

9    fellow jurors or for the mere purpose of returning a verdict.

10        As I told you before, in the end, your vote must be

11   exactly that.  It must be your vote.  As important as it is for

12   you to reach a unanimous verdict it is just as important that

13   you do so honestly and in good conscience.

14        What I've just said is not meant to rush you or

15   pressure you into agreeing on a verdict.  Take as much time as

16   you need to discuss things.  There is no hurry.  That's the

17   best advice I can give you.  We are going to ask you to try one

18   more time.  Thank you.

19        (Recess pending verdict)

20                              o0o

21        (In open court; jury present)

22        (At 2:15 p.m. a verdict was received)

23        THE COURT:  Thank you for following the instructions

24   and continuing your deliberations.  I understand you have

25   reached a verdict.  Again, I'll ask the foreman to rise and

F72FRIV1                    Verdict

1    I'll take the verdict.

2            Did Harry Rivera prove by a preponderance of the

3    evidence his claim for punitive damages against James Steltz.

4            FOREPERSON:  Yes, your Honor.

5            THE COURT:  And in what amount?

6            FOREPERSON:  One dollar.

7            THE COURT:  Did Harry Rivera prove by a preponderance

8    of the evidence his claim for punitive damages against Aisha

9    Brown?

10           FOREPERSON:  Yes.

11           THE COURT:  And in what amount?

12           FOREPERSON:  One dollar.

13           THE COURT:  Did Harry Rivera prove by a preponderance

14   of the evidence his claim for punitive damages against Harry

15   Wright?

16           FOREPERSON:  Yes.

17           THE COURT:  In what amount?

18           FOREPERSON:  One dollar.

19           THE COURT:  Thank you.  I'll poll the jury.  You just

20   read the verdict, Mr. Kumar.  Is that your verdict?

21           FOREPERSON:  Yes.

22           (Jury polled; all answered in the affirmative)

23           THE COURT:  All right.  That's the verdict and the

24   jury is polled.  So now you really are done.  I can thank you

25   for your service.  It got later on the last day than we

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

F72FRIV1                    Verdict

 1   thought, but still you're out in time to enjoy the holiday.  So

 2   now we have to hope for good weather.  That would be nice for

 3   all of us.

 4          You have done a very important service to the parties

 5   and to the Court and we all appreciate your service.  It's my

 6   practice to come into the jury room and thank you individually

 7   very quickly.  I'll be there in two minutes because if you

 8   recall, I have to leave anyway.  So I'm going to talk to the

 9   lawyers for two minutes, come in and shake each of your hands

10   individually for a minute or two, but you do have the thanks of

11   the Court and you're excused.  If you don't want to wait the

12   two minutes, that's fine, too.  Whoever is in the room when I

13   get there is still there.  If anybody has gone on their way

14   I'll understand that, too.  Thank you again.  And we need to

15   take the original from you.

16          FOREPERSON:  This is the only one I have.

17          THE COURT:  We need it.

18          FOREPERSON:  Is this the original?

19          THE COURT:  Yes.  I guess so.  Did you sign it?  Is

20   that signed?  Good.  That's the original.  Thank you, I'll be

21   in in a minute if you're still there.  Thank you.

22          (Jury discharged)

23          (Continued on next page)

24

25

F72FRIV1                          Verdict

1              (In open court; jury not present)

2              THE COURT:  I'm not sure if there is anything more to

3    say other than, Ms. Kim, you probably want to make a statement

4    preserving your right to make your motions in a timely fashion.

5              MS. KIM:  Yes, your Honor.

6              THE COURT:  You need to check the rule.  As I said,

7    the rule gives you X number of days, but it also allows to you

8    make one request for an extension, so be sure to check it

9    yourself.  Don't rely on what I said.

10             MS. KIM:  Thank you, your Honor.

11             THE COURT:  I also want to make a last sort of plea

12   that you consider whether it's possible the case can be settled

13   even after the verdict because there are issues here that can

14   arise on appeal both ways that could jeopardize the verdict.

15   As you know, Mr. Levine objected to the bifurcation of the

16   punitive damages and there are rulings that I made that you

17   objected to or you might think that this verdict is not

18   supported by the verdict or the weight against the evidence.

19   So rather than having cross motions first with the district

20   court, then on appeal with years left to come, I could only

21   urge that you might speak to each other to see if there's a way

22   to settle the case so that you have finality rather than months

23   and years of motion practice.  With that, I wish you all well

24   and have a good holiday.

25             (Adjourned)